**State, ex rel. Eaton City School Dist. Bd. of Educ.,**
**v.**
**State Employment Relations Bd.**
*[Cite as 8 AOA 565]*

*Case No. 87AP-860*
*Franklin County, (10th)*
*Decided November 1, 1990*

*J. Michael Fischer, Ennis, Roberts & Fischer Co., L.P.A., for Relators.*

*Anthony J. Celebrezze, Jr., Attorney General, Loren L. Braverman and Joseph M. Oser, for Respondent.*

STRAUSBAUGH, J.,

These cases were brought as original actions in mandamus. Relators, Eaton City School District Board of Education ("Eaton") and Batavia Local School District Board of Education ("Batavia"), seek a writ of mandamus ordering the State Employment Relations Board ("SERB") to make available for

inspection and photocopying certain documents alleged to be public records pursuant to R.C. 149.43 and 4117.17. The files at issue involve documents compiled by SERB during its investigations of unfair labor practices in accordance with R.C. 4117.12.

Relator Eaton commenced its action on September 21, 1987, while relator Batavia brought its action on December 2, 1987. In the Eaton action, Eaton seeks documentary evidence relied upon by SERB to issue an unfair labor practice complaint against Eaton. In the Batavia action, Batavia seeks to obtain documentary evidence relied upon by SERB to dismiss an unfair labor practice charge filed by Batavia. Both relators assert that they do not seek to obtain any portion of SERB's file which could be considered the "work product" of SERB.

Pursuant to Civ. R. 53(C) and Section 13, Loc. R. 11 of the Tenth Appellate District, this matter has been referred to a referee. On February 17, 1989, SERB, pursuant to a February 13, 1989 order of the referee, submitted copies of its investigatory files to this court. On May 10, 1989, the referee issued his recommendation, including findings of fact and conclusions of law concerning Eaton's action. On May 12, 1989, the referee filed his report as to Batavia's action. In both actions, the referee recommended that this court issue a writ of mandamus ordering SERB to make available for photocopying and inspection its entire files compiled during the course of its investigations pertaining to the unfair labor practice charges.

SERB has filed objections to the referee's report, contending that the referee erred by not finding that R.C. 4117.17 controls access to SERB's records. SERB further asserts that the referee erred in not finding that SERB's investigative file consists of "trial preparation records," as defined under R.C. 149.43, and that the referee erred in ordering SERB to make available for inspection and photocopying its entire files compiled during its investigations of the unfair labor practice charges at issue. Finally, SERB argues that if relators prevail, they should not be entitled to an award of attorney fees.

Under its first objection, SERB contends that the legislature, in enacting R.C. 4117.17, intended that SERB's investigative files not be open to the public.[1] SERB maintains that R.C. 4117.17 is more specific than R.C. 149.43, and therefore the more specific statute is controlling. Utilizing the maxim "expressio unius est exclusio alterius" (the mention of one thing implies exclusion of another), SERB argues that by enacting R.C. 4117.17, the legislature intended to make only certain matters available to the public.

This court recently addressed the argument raised under SERB's first objection. In *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd. & Fraternal Order of Police* (Aug. 28, 1990), Franklin App. No. 89AP-792, unreported (1990 Opinions 3551), this court rejected SERB's contention that R.C. 149.43 is irreconcilable with the provisions of R.C. 4117.17, holding that:

"Given *** [the] statutory mandate [under R.C. 1.51][2] to reconcile the provisions of R.C. 4117.17 and 149.43, the court cannot accept the argument by SERB that R.C. 4117.17 prevails over the provisions of R.C. 149.43. To reach the result desired by SERB, this court would be required to insert the word 'only' before the items listed in R.C. 4117.17. However, this court will not read into R.C. 4117.17 a word which would create a conflict with R.C. 149.43. R.C. 1.51 requires this court to construe both statutes in a manner which gives effect to both.

"Moreover, even if R.C. 4117.17 alone is applied, that section indicates that the records sought by the department are public. The phrase 'other proceedings instituted by SERB' clearly would include SERB's investigation of an unfair labor practice charge." *Id.* at 3558.

Based upon the foregoing authority, SERB's first objection is overruled.

SERB next contends that the referee erred in not finding that SERB's investigative file consists of "trial preparation records" as contemplated under R.C. 149.43.

The Supreme Court of Ohio has held that "[a] governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43." *State, ex rel. Natl. Broadcasting Co., v. Cleveland* (1988), 38 Ohio St, 3d 79. In the present case, SERB advances the argument that the investigative files consist of trial preparation records based upon SERB's contention that litigation begins with the filing of an unfair labor practice charge. The referee rejected this argument, finding that the mere potential that an unfair labor practice investi-

gation may lead to a formal complaint and the commencement of administrative litigation is not, by itself, sufficient to meet the requirements of R.C. 149.43(A)(4), that the records must have been specifically compiled in reasonable anticipation of litigation.

We agree with the determination of the referee and find that in the present case SERB has failed to meet its burden of proving that the records are excepted from disclosure under R.C. 149.43(A)(4). Except for SERB's general assertion that whenever an unfair labor charge is filed litigation begins (thus presumably exempting in all such cases SERB's investigative files), SERB has failed to demonstrate that these particular records were specifically compiled in reasonable anticipation of litigation.

Moreover, we note that in regard to the Batavia action, the record before us indicates that SERB dismissed the unfair labor charge by entry dated July 16, 1987 based upon SERB's finding of no probable cause. Further, counsel for SERB, in oral argument before this court, indicated that the Eaton action had been settled and that no hearing had been held in that matter. Inasmuch as both of these actions involve closed case files, SERB's argument that these files constitute trial preparation records is unpersuasive.

SERB's second objection is not well-taken.

Under its third objection, SERB asserts that the referee erred in ordering SERB to make available for inspection and photocopying its entire files compiled during the course of its investigations of the unfair labor practice charges in these actions. The thrust of SERB's argument under this objection is that these documents are excepted under R.C. 149.43(A)(2)(c) as specific confidential investigatory techniques or specific investigatory work product. R.C. 149.43(A)(2)(c) "*** protects an investigator's deliberate and subjective analysis, his interpretation of the facts, his theory of the case, and his investigative plans. ***" *State, ex rel. Natl. Broadcasting Co., supra,* at 83.

This court has undertaken an individualized scrutiny of the records in question, as required under *State, ex rel. Natl. Broadcasting Co., supra,* and we find that these documents are not protected from release under the work product exception. We note that SERB has directed this court's attention to a document designated as "Investigator's Mem-

orandum," dated May 7, 1987. SERB contends that the portion of this document titled "Discussion and Recommendation" contains the investigator's deliberate, subjective analysis and theory of the case. We disagree. The portion of the memorandum contested by SERB is simply a final conclusion by the investigator as to whether probable cause exists for believing that a violation has occurred and, as such, is not excepted under R.C. 149.43(A)(2)(c).

SERB further contends that if relators prevail, they should not be awarded attorney fees. We note that the report of the referee does not discuss relators' request, in their original complaints, for the award of reasonable attorney fees. Although not dispositive of this issue, we further note that aside from relators' general request for attorney fees in their complaints and briefs, relators have not submitted other documentary evidence in support of such an award.

The Supreme Court of Ohio has held that "[t]he award of attorney fees under R.C. 149.43(C) is not mandatory," but rather discretionary. *State, ex rel. Fox, v. Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, paragraph two of the syllabus. Based upon review of the facts of this action and a consideration of the factors pronounced in *Fox, supra,* we deny relators' request for attorney fees.

Based upon the foregoing, respondent's objections are hereby overruled. As stated above, relators' request for attorney fees is denied.

Accordingly, a writ of mandamus is hereby issued ordering respondent to make the records sought available as provided in R.C. 149.43(B).

*Objections overruled; writ granted.*

YOUNG and BOWMAN, J.J., concur.

---

[1] As noted by the referee, SERB's contention that its investigatory file is excepted from disclosure under R.C. 4117.17 is apparently premised upon the R.C. 149.43(A) (1) exception regarding records the release of which are prohibited by state law.

[2] R.C. 1.51 states:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is

irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail."